IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH A. HILL, #449267                     *
        Plaintiff,
    v.                                       *     CIVIL ACTION NO. PX-17-992

GEORGE HARPER                     *
        Defendant.
                                          *****

MEMORANDUM

On April 6, 2017, the court received for filing this 42 U.S.C. § 1983 Complaint for monetary damages. Keith A. Hill, a state inmate housed at the Roxbury Correctional Institution in Hagerstown, Maryland, filed suit against George Harper, the defense attorney in his state court criminal case. According to the statement of facts, Hill claims that Harper never investigated his witnesses, tried to pressure his family into convincing Hill to plead guilty, and failed to communicate with Hill. Hill claims that he dismissed Harper from his case because his "performance was below lawyer standards." ECF No. 1. Hill appears indigent, and so his motion for leave to proceed in forma pauperis shall be granted. The § 1983 complaint shall be dismissed *sua sponte* for failure to state a claim.

The state court docket shows that in July of 2014, Hill was charged with attempted first-degree burglary, attempted robbery, armed robbery, conspiracy to commit an armed robbery, and conspiracy to commit a robbery in the District Court for Prince George's County. The charges were based upon a complaint filed by Officer Jones, #3443. The case was transferred to the Circuit Court for Prince George's County. *See State v. Hill*, Criminal No. 0E005477701 (District Court for Prince

George's County). Hill was found guilty after a jury trial that took place on May 11, 2016, of attempted second-degree burglary and firearm possession with a felony conviction. He was acquitted of attempted armed robbery, attempted robbery, conspiracy to commit armed robbery, and conspiracy to commit robbery, drug conspiracy, and the handgun counts were nolle prossed. On or about July 15, 2016, Hill was sentenced to a cumulative 15-year term in custody of the Division of Correction. *See State v. Hill*, Criminal No. CT141066A (Circuit Court for Prince George's County). http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

A party asserting claims under § 1983 "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Philips v. Pitt Cty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009). It is well-settled that an attorney does not act under color of state law when performing traditional functions as counsel, whether attorney is a court-appointed public defender or privately-retained. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also*, *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976). Therefore, regardless of whether Hill can prove that Harper rendered ineffective assistance during trial, Hill can state no claim under § 1983 because he is not suing a state actor. *See Curry v. South Carolina*, 518 F.Supp. 2d 661, 667 (D. S.C. 2007).

Because Hill's prisoner civil rights case fails to state a claim, his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[1] Hill is hereby notified that he may be barred from filing future

---

[1] 28 U.S.C. § 1915(e)(2) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[2] This constitutes the first complaint dismissed pursuant to § 1915(e) to be assessed against Hill. A separate order follows.

Date: May 1, 2017

/S/
PAULA XINIS
United States District Judge

---

court shall dismiss the case at any time if the court determines that:

    (A)   the allegation of poverty is untrue; or
    (B)   the action or appeal--
    (i)   is frivolous or malicious;
    (ii)  fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three of a prisoner's cases has been dismissed under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure, the prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances, and must pay the full filing fee at the time a complaint is filed.